IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2194-N |
| | § | |
| STATE FARM LLOYDS and | § | |
| KAREN AURELIA SILVERNALE, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Plaintiff Frank Williams's motion for remand [Doc. 4]. Because the Court finds that Williams properly joined Defendant Karen Aurelia Silvernale, the Court grants Williams's motion and remands this case to the 298th District Court in Dallas County.

### I. REMOVAL TO FEDERAL COURT

This is a dispute over coverage under a homeowner's insurance policy. In October 2011, a hailstorm damaged Williams's home in Fort Worth, Texas. Williams reported the loss to State Farm Lloyds ("State Farm"). State Farm sent its adjuster, Defendant Silvernale, to Williams's property to assess the damage. After examining the property, Silvernale estimated the hail damage to be $1,682.74. Based on this estimate, State Farm paid Williams $616.73. Williams then hired a second company to reassess the damage. The company's appraisal of the damages was nearly $40,000.

ORDER – PAGE 1

Williams filed suit in state court on May 2, 2013. In his petition, Williams alleged that State Farm and Silvernale intentionally undervalued his loss and improperly delayed full payment of his claim. He asserted claims against both State Farm and Silvernale for violations of the Texas Insurance Code,[1] fraud, and conspiracy to commit fraud. Williams also brought claims for breach of contract, violation of the Texas Deceptive Trade Practices Act,[2] and other Texas common law claims against State Farm. State Farm removed to this Court, alleging Williams joined Silvernale to frustrate diversity jurisdiction. Williams now moves for remand to state court. The issue thus before the Court is whether Williams properly joined Silvernale.

## II. STANDARD FOR IMPROPER JOINDER

A defendant may remove a state court action to federal court if he establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. 28 U.S.C. § 1441(b). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir.

---

[1] TEX. INS. CODE §§ 541.001, *et seq.*

[2] TEX. BUS. & COM. CODE §§ 17.41, *et seq.*

2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As a general matter, a federal court must remand a removed case where, as here, one of the defendants "is a citizen of the State in which [the] action is brought," thereby destroying diversity. *Id.* at § 1441(b). Such a case may remain in federal court, however, if the defendant shows the plaintiff improperly joined the nondiverse party to defeat diversity jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Where the defendant alleges the latter, he must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

### III. WILLIAMS PROPERLY JOINED SILVERNALE

As neither party disputes that Silvernale is a citizen of Texas, State Farm does not allege actual fraud as a basis for improper joinder. Rather, the sole issue before the Court is whether, as a matter of law, Williams alleged a valid state-law cause of action against the nondiverse defendant, Silvernale. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Williams asserted three claims against Silvernale in his petition: (1) violation of the Texas Insurance Code provisions on unfair settlement practices, (2) fraud, and (3)

conspiracy to commit fraud. *See* Pet. [1] ¶¶ 12–20. The Court concludes that Williams alleged at least one viable claim against Silvernale under the Texas Insurance Code. Accordingly, the Court holds that Williams properly joined Silvernale.

### A. The Texas "Fair Notice" Pleading Standard Applies to Improper Joinder Analysis

Contrary to State Farm's position, the undersigned accepts the view espoused by some judges in this district that the state pleading standard, rather than the heightened federal standard, applies when examining a removed petition for improper joinder. *See Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co.*, No. 3:12–cv–4322–N–BN, slip op. at 6–8 (N.D. Tex. Feb. 26, 2013) (Horan, Mag. J.), accepted by 2013 WL 3283719 (N.D. Tex. June 28, 2013) (Godbey, J.); *Yeldell v. GeoVera Speciality Ins. Co.*, 2012 WL 5451822, at *2–3 (N.D. Tex. 2012) (Lynn, J.); *Durable Specialties, Inc. v. Liberty Ins. Corp.*, 2011 WL 6937377, at *5 (N.D. Tex. 2011) (Lindsay, J.).[3] In *Durable Specialities*, Judge Lindsay explained this approach by observing that a party filing suit in state court expects to follow state civil pleading requirements. 2011 WL 6937377, at *5. Thus, "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Id.*

---

[3] While the Fifth Circuit has not expressly decided the issue, it applied the Texas "fair notice" standard in an unpublished opinion. *See De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 Fed. App'x 533, 537 (5th Cir. 2005) (unpub.).

As Williams initially filed his petition in Texas state court, the Texas "fair notice" standard governs the Court's analysis. Under the Texas Rules of Civil Procedure, a pleading may include legal conclusions without objection so long as it gives the defendant "fair notice" of the plaintiff's claims. Tex. R. Civ. P. 45(b); *see also Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Texas courts liberally construe a plaintiff's petition in the plaintiff's favor. *See, e.g.*, *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App. – Austin 1996, no writ). Texas courts "will look to the pleader's intent and uphold the pleading, even if the pleader has not specifically alleged some element of a cause of action." *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App. – Corpus Christi 1993, writ denied).

### B. Williams Alleged at Least One Valid Claim Against Silvernale Under the Texas Insurance Code

In his petition, Williams contended that Silvernale violated several provisions of Chapter 541 of the Texas Insurance Code. One of Williams's claims alleged that Silvernale failed "to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear . . . ." TEX. INS. CODE § 541.060(a)(2)(A). To support this claim, Williams maintained that Silvernale intentionally examined only the exterior of the home and issued an inaccurate estimate of the total damage to the property. *See* Pet. ¶ 9. Due to Silvernale's "low-ball" estimate, State Farm paid Williams $616.73 when the actual damage was nearly $40,000. *See id.* ¶ 10, 11. Thus, Williams alleged that Silvernale's individual actions were a cause-in-fact of Williams's injury.

ORDER – PAGE 5

State Farm does not dispute that an insurance adjuster may be individually liable under the Texas Insurance Code. *See* Def.'s Resp. to Pl.'s Mot. to Remand [5] (the "Response") 5; *see also* TEX. INS. CODE § 541.002(2); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998). Instead, State Farm argues that Williams's petition is deficient because it did not adequately allege a specific independent act by Silvernale or an independent injury. The Court rejects these arguments and finds that Williams stated at least one viable claim under the Texas Insurance Code.

*1. Williams Adequately Alleged a Specific Independent Act by Silvernale.* – According to State Farm, Silvernale cannot be individually liable where her action "can be accomplished by [the insurer] through the agent" and the claims alleged against Silvernale "are identical to those against the insurer." *See* Response 8 (citing *Atascocita Realty, Inc. v. Western Heritage Ins. Co.*, 2012 WL 4052914, at *3 (S.D. Tex. 2012)) (emphasis omitted). The Court disagrees. Were this Court to accept State Farm's view, an employee acting in the scope of his employment would be immune from individual liability under the Texas Insurance Code because the employee's actions would be attributable to his employer under general principles of agency law.[4] Such a position would restrict individual liability to independent agents and adjusters.

---

[4] *See* 3 TEX. JUR. 3d *Agency* § 238 ("A principal is generally liable for the acts of his or her agent that are within the scope of the agency. An agent acting within the scope of the agent's authority binds the principal as if the principal had performed the action taken. If an agent is acting within the scope of her general authority, her wrongful act, though unauthorized, will nevertheless subject her principal to liability.").

In *Liberty Mutual Insurance*, the Supreme Court of Texas rejected this premise, finding such a limit on liability to be "contrary to the Legislature's intent to comprehensively regulate and prohibit deceptive insurance practices." 966 S.W.2d at 485–86. Similarly, the Fifth Circuit held that the Texas Insurance Code authorizes "actions against insurance adjusters in their individual capacities" even where the employer is also liable for the adjuster's actions. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Persuaded by the reasoning of these decisions, the Court finds that Silvernale may be individually liable for violating the Texas Insurance Code.

***2. Williams Satisfies* Parkans*'s Independent Injury Requirement.*** – State Farm further contends that Williams does not satisfy the independent injury requirement espoused in *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514 (5th Cir. 2002) . *See* Response 10. In *Parkans*, the Fifth Circuit held that "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Id.* at 519 (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198–99 (Tex. 1998)).

Assuming without deciding that the *Parkans* independent injury requirement applies to an improper joinder inquiry, the Court finds Williams satisfies this burden. The Texas Supreme Court recognizes that "liability for damage to the insured other than policy benefits or damages flowing from the denial of the claim" may be available where the claim was

ORDER – PAGE 7

mishandled. *Casteneda*, 988 S.W.2d at 198. Texas courts "do not exclude . . . the possibility that in denying the claim, the insurer may . . . cause injury independent of the policy claim." *Id.* (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)). The Fifth Circuit has opined that attorneys' fees incurred in prosecuting a lawsuit "*may* provide the separate injury necessary to support [a] claim [for] extra-contractual damages for . . . alleged bad faith and violations of the Texas Insurance Code." *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs. Co.*, 612 F.3d 800, 808 (5th Cir. 2010) (emphasis in original).

Here, Williams alleged that Silvernale's faulty appraisal of the hail damage caused his injury, which was an improperly low settlement of his claim. *See* Pet. ¶ 9–11. Williams claimed Silvernale acted in bad faith by failing to investigate both the roof and interior of his home. *See id.* ¶ 9. Taking the plaintiff's allegations as true, Silvernale's failure to conduct a full inspection of the home could show a lack of good faith and constitute a violation of the Texas Insurance Code independent of State Farm's low payment. *See* TEX. INS. CODE § 541.060(a)(2). Further, Williams requests attorneys' fees in his petition. *See* Pet. at ¶ 33. Thus, Williams can show a sufficiently independent injury under the Texas "fair notice" standard.

***3. At Least One State Claim Satisfies the Texas "Fair Notice" Standard.*** – Accordingly, the Court concludes that there is a reasonable basis to predict that Williams might be able to recover against Silvernale for her alleged failure to effectuate a fair and equitable settlement. *See Smallwood*, 385 F.3d at 573; *see also Aran v. Allstate Texas Lloyds*,

2013 WL 2149589, at *5 (N.D. Tex. 2013). As the Court finds that Williams's petition adequately stated at least one specific, actionable claim against Silvernale, "the Court need not analyze the viability of Plaintiff's other causes of action" to conclude that Williams properly joins Silvernale.[5] *Aran*, 2013 WL 2149589, at *5 (quoting *Landor v. State Farm Lloyds*, 2013 WL 1746003, at *3 (N.D. Tex. 2013)).

### C. Evidence of Failure to Serve Does Not Alter Court's Decision

Finally, State Farm argues that Williams's failure to serve Silvernale process is "prime evidence" of fraudulent joinder. *See* Response 4. The Fifth Circuit has found failure to serve a nondiverse defendant consistent with improper joinder. *See, e.g.*, *Griggs*, 181 F.3d at 699. But no court has held that failure to serve process is "alone sufficient to satisfy the heavy burden of establishing improper joinder." *Arana*, 2013 WL 2149589, at *6. As the Court concludes from the pleadings that Williams properly joined Silvernale, evidence that Williams did not serve Silvernale, without more, does not alter the Court's decision.

---

[5] Because the Court finds that Williams stated at least one state claim against Silvernale under the Texas Insurance Code, the Court does not reach Williams's fraud claims. The Court observes, however, that an analysis of Williams's fraud claims would support the conclusion that Silvernale was properly joined. State Farm argues that Williams presented insufficient evidence to sustain fraud claims against Silvernale; however, that argument is "equally dispositive of all defendants rather than to the in-state defendant[ ] alone." *Smallwood*, 385 F.3d at 575. A showing that the plaintiff's case fails with respect to *all* parties addresses the merits of the litigation, not the question of improper joinder. *See Gasch*, 491 F.3d at 283. Accordingly, Silvernale was "no more improperly joined than the non-resident defendant." *Id.* at 284 (internal citations omitted).

## CONCLUSION

The Court holds that Williams properly joined Silvernale. Because the presence of a nondiverse defendant divests this Court of jurisdiction, the Court grants Williams's motion and remands this case to the 298th District Court in Dallas County, Texas.

Signed October 8, 2013.

_____
David C. Godbey
United States District Judge